UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SANDRA BROWER, an individual,

    Plaintiff,

vs.                                    CASE NO.:

THE CHRISTIAN AND MISSIONARY
ALLIANCE FOUNDATION, INC.,
d/b/a SHELL POINT RETIREMENT
COMMUNITY, a Florida not for profit
corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Sandra Brower ("Plaintiff"), by and through undersigned counsel, sues Defendant, The Christian and Missionary Alliance Foundation, Inc. d/b/a Shell Point Retirement Community ("Defendant"), and alleges as follows:

## INTRODUCTION

1.    This is an action brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA") to recover unpaid overtime compensation, liquidated damages, and attorneys' fees and costs owed to Plaintiff.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.*

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as the events or omissions giving rise to the claims alleged herein occurred within the jurisdiction of the Middle District of Florida, Fort Myers Division.

## PARTIES

4. Plaintiff was and is a resident of Lee County, Florida. Plaintiff worked for Defendant in Lee County, Florida.

5. Defendant was and is a Florida not for profit corporation conducting business in Lee County, Florida.

6. At all times material, Plaintiff was an employee of Defendant pursuant to 29 U.S.C. § 203(e)(1); Defendant was the employer of Plaintiff within the meaning of 29 U.S.C. § 203(a) and (d); and Defendant employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## FLSA COVERAGE

7. At all times material during the last three (3) years, Defendant was an employer as defined by U.S.C. § 203(d).

8. At all times material during the last three (3) years, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

9. At all times material, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of § 203(s)(1) of the FLSA, in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling,

selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

10.    Defendant is an enterprise engaged in interstate commerce, or in the production of goods for interstate commerce, with an annual gross volume of revenue not less than Five Hundred Thousand Dollars ($500,000.00).

## GENERAL ALLEGATIONS

11.    Defendant employed Plaintiff for approximately fifteen (15) years, through on or about May 13, 2021. Defendant recently re-hired Plaintiff on a temporary basis.

12.    Defendant originally hired Plaintiff on October 10, 2005 as a nutrition services manager and dietetic technician. During this time, Plaintiff's job duties included managing the food services department as well as her dietetic technician duties.

13.    From January 2012 to September 2019, Plaintiff's job was divided between herself and another employee, who became her supervisor. During this time, Plaintiff's job duties included some managerial duties for the food services department as well as her dietetic technical duties.

14.    In or around October 2019, Plaintiff's supervisor was replaced, Plaintiff's management responsibilities were de facto terminated, and she retained only her dietetic technician status.

15.    From October 2019 to about May 13, 2021, Plaintiff's primary duty was not management-related; Plaintiff did not customarily and regularly direct the work

of at least two or more employees; Plaintiff did not hire or fire employees for Defendant; and Plaintiff did not otherwise exercise discretion or independent judgment over matters of significance for Defendant. Moreover, Plaintiff did not work in an occupation which has attained recognized professional status, requiring an advanced specialized academic degree as a standard prerequisite for entrance into the profession. As such, for FLSA purposes, Plaintiff was not employed in a *bona fide* executive, professional, or administrative capacity from October 2019 through May 13, 2021. In fact, after Defendant recently re-hired Plaintiff on a temporary basis, Plaintiff performed the same dietetic technician duties for Defendant; this time as an hourly-paid non-exempt employee.

16. Throughout the duration of her employment (with the exception of the recent time period where Plaintiff was re-hired on a temporary, hourly basis), Defendant compensated Plaintiff on a salary basis for forty (40) hours per week.

17. From October 2019 through May 13, 2021, Defendant misclassified Plaintiff as an exempt employee.

18. Throughout the duration of her employment (with the exception noted in paragraph 16 above), and from October 2019 through May 13, 2021 in particular, Plaintiff regularly worked in excess of forty hours per week.

19. Despite working more than forty (40) hours in one or more workweeks while employed by Defendant, Plaintiff was not properly compensated at one and one-half (1 and 1/2) her regular rate for overtime hours worked. Plaintiff received no compensation whatsoever for hours worked over forty (40) in a workweek.

20. The records, to the extent any exist, concerning the number of hours worked and amounts to be paid to Plaintiff are in the possession and custody of Defendant.

21. Plaintiff has retained counsel for this claim and is obligated to pay reasonable attorneys' fees and costs.

22. All conditions precedent to this lawsuit have been satisfied, waived, or excused.

## COUNT I
### (Overtime Due Under the FLSA)

23. Plaintiff hereby incorporates by reference the allegations contained within paragraphs 1 through 22 above.

24. Defendant's failure to provide Plaintiff overtime compensation at a rate not less than one and one-half (1 and 1/2) times her regular rate for hours worked over forty (40) in a workweek from, at least, October 2019 through May 13, 2021, constitutes a violation of the FLSA, 29 U.S.C. § 207.

25. Defendant's violations of the FLSA were knowing and willful.

WHEREFORE, Plaintiff respectfully requests that this Court:

    a. accept jurisdiction over this action;

    b. award damages for the amount of unpaid overtime compensation owed to Plaintiff;

    c. award liquidated damages, pursuant to 29 U.S.C. § 216(b), in an amount equal to the overtime compensation owed to Plaintiff;

    d.    award post-judgment interest, reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

    e.    entry of final judgment against Defendant;

    f.    declare that Plaintiff was a non-exempt employee of Defendant; and

    g.    award all other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff does hereby demand a Jury Trial on all issues and claims so triable.

s/ Bradley P. Rothman
Bradley P. Rothman, Esq.
Florida Bar No. 0677345
brothman@weldonrothman.com
WELDON & ROTHMAN, PL
2548 Northbrooke Plaza Drive
Naples, Florida 34119
Tel: (239) 262-2141
Fax: (239) 262-2342
*Counsel for Plaintiff*